766 January 28, 2026 No. 57

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of K. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

K. S.,
*Appellant.*

Washington County Circuit Court
24JU06259; A187779

Thomas A. Goldman, Judge pro tempore.

Submitted November 20, 2025.

Aron Perez-Selsky and Peter Druckenmiller filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Father appeals a juvenile court judgment asserting dependency jurisdiction over his child, K, who was 11 months old at the time of the jurisdictional trial. In his sole assignment of error, father contends that the court erred in asserting jurisdiction over K based on father exposing K to domestic violence. Father argues that he did not expose K to domestic violence and that any threat of harm or serious injury was impermissibly speculative at the time of the jurisdictional trial. As explained below, we affirm.

On non-*de novo* review, we are bound by the juvenile court's findings of historical fact if there is any evidence in the record to support them. *Dept. of Human Services v. G. N.*, 263 Or App 287, 294, 328 P3d 728, *rev den*, 356 Or 638 (2014). We "view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the juvenile court's disposition and assess whether, when so viewed, the record was legally sufficient to permit the outcome." *Dept. of Human Services v. T. L. H. S.*, 292 Or App 708, 709, 425 P3d 775 (2018).

The juvenile court is authorized to assert dependency jurisdiction over a child when the child's condition and circumstances expose the child to a current threat of serious loss or injury that will likely be realized. ORS 419B.100 (1)(c); *Dept. of Human Services v. A. L.*, 268 Or App 391, 397-98, 342 P3d 174 (2015). The petitioner, usually and in this case the Oregon Department of Human Services, bears the burden of proof. *Id.* That burden includes demonstrating a nexus between the allegedly risk-causing conditions and circumstances and a threat of harm to the child of a type, degree, and duration justifying juvenile court intervention into the constitutionally protected family sphere. *Dept. of Human Services v. S. D. I.*, 259 Or App 116, 121, 312 P3d 608 (2013). Proof of harm or risk at some point in the past is insufficient; the threat must be current at the time of trial. *State v. S. T. S.*, 236 Or App 646, 654, 238 P3d 53 (2010). Nor can the risk be speculative; there must be a reasonable probability that the risk will be realized. *Dept. of Human Services v. J. H.*, 292 Or App 733, 738, 425 P3d 791 (2018).

Having reviewed the evidentiary record, we conclude that, although it is a relatively close case, the evidence was legally sufficient to permit the court's assertion of dependency jurisdiction. Viewed in the context of the parties' history of domestic violence and volatile relationship, the December 2024 incident was sufficient to demonstrate a current and nonspeculative threat of serious loss or injury that persisted at the time of the jurisdiction trial. Accordingly, we affirm.

Affirmed.